UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BILLYRAY STATON,

        Plaintiff,

        v.                                             20-CV-1120-LJV-MJR
                                                              DECISION & ORDER

STEWART ECKERT, *et al.*,

        Defendants.

---

        On August 21, 2020, the *pro se* plaintiff, Billyray Staton, commenced this action under 42 U.S.C. § 1983.  Docket Item 1.  On October 3, 2022, defendants Justin Cudzilo and Patrick Farrell moved for summary judgment, Docket Item 27, and three days later, the case was referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 28.  After Staton did not respond and his time to do so expired,[1] *see* Docket Item 34, Judge Roemer issued a Report and Recommendation ("R&R") finding that the defendants' motion should be granted in part and denied in part, Docket Item 35.

        The defendants then moved to supplement the record with a video of the underlying assault.  Docket Item 36.  Staton was given an opportunity to respond to that motion, but he never did.  *See* Docket Items 39 and 40.  After this Court granted the unopposed motion to supplement, Docket Item 40, the defendants objected to the R&R

---

        [1] Judge Roemer gave Staton several opportunities to respond and explicitly warned him that if he did not respond by August 14, 2023, Judge Roemer would "make a recommendation to the District Court . . . without a response from [the] plaintiff, which may result in a recommendation that [the] plaintiff's case be dismissed."  *See* Docket Item 35 at 2-3; *see also* Docket Items 31 and 34.

on the ground that Judge Roemer should have recommended granting their motion for summary judgment in full, Docket Item 41.  Staton did not respond even after this Court gave him a second opportunity to do so and directed him to show cause why the Court should not rule on the objections without his response.  See Docket Items 42 and 43.  His time to respond now has passed.[2]  See Docket Item 43.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  See *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

This Court has carefully and thoroughly reviewed the R&R, the record in this case, the objections, and the materials submitted to Judge Roemer.  Based on that review, the Court accepts and adopts Judge Roemer's recommendation to grant in part the defendants' motion for summary judgment.  And based on the video that Judge Roemer did not have the opportunity to review, the Court grants the remainder of the defendants' motion as well.

---

[2] In fact, Staton apparently has been absent from this litigation for about a year.  See Docket Item 30 (notice of change of address filed by Staton on March 10, 2024).

2

## **LEGAL PRINCIPLES**

"A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). Even if a motion for summary judgment is unopposed, the district court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001); *see Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).

## **DISCUSSION**

The Court assumes the reader's familiarity with the facts alleged in the amended complaint, *see* Docket Item 8, and Judge Roemer's recitation of the facts and his analysis in the R&R, *see* Docket Item 35.

### I. FAILURE TO PROTECT

Judge Roemer concluded that Staton's failure to protect claim "fails as a matter of law" because "no reasonable jury could find . . . that either Farrell or Cudzilo were aware [before the assault] that Staton faced serious risk of harm and disregarded that risk," as is required to succeed on such a claim. Docket Item 35 at 9-14. He therefore recommended that Staton's failure to protect claim be dismissed. *Id.* The parties did not object to that recommendation. *See* Docket Items 36, 41, and 43.

Although not required to review that recommendation in the absence of any objection, *see Thomas*, 474 U.S. at 149-50, this Court nevertheless has reviewed

3

Judge Roemer's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Roemer's recommendation to grant the defendants' motion for summary judgment as to Staton's failure to protect claim.

## II.     FAILURE TO INTERVENE

A plaintiff asserting a claim against a corrections officer for failing to intervene in an assault by another inmate must show "(1) that [the defendant] observed or had reason to know that the [p]laintiff was involved in a physical altercation with another inmate; (2) that [the defendant] had a reasonable opportunity to intervene to prevent the attack from continuing . . . ; (3) that in failing to intervene[, the defendant was] deliberately indifferent to a substantial risk of harm to [the p]laintiff; and (4) that [the defendant's] deliberate indifference to a substantial risk of harm . . . caused [the p]laintiff some harm."  *Rosen v. City of New York*, 667 F. Supp. 2d 355, 360 (S.D.N.Y. 2009) (quoting *Williams v. Russo*, 2009 WL 185758, at *4 (W.D.N.Y. Jan. 26, 2009)).

Judge Roemer recommended that the defendants' motion for summary judgment be denied as to Staton's failure to intervene claim because some of "the material facts surrounding the March 18, 2018[,] assault are in dispute."  Docket Item 35 at 14-19.  He based that recommendation on the different stories told by Staton and the defendants about what occurred.  As Judge Roemer correctly noted, the defendants say "that they did not see Dunton"—one of the inmates who assaulted Staton—"remove a weapon and attack Staton"; "that they only became aware of the incident after a fight had ensued"; and that "as soon as they observed the fight, they ran over to assist in breaking it up."  *Id.* at 15.  And as Judge Roemer also correctly noted, Staton "claims

4

that both Farrell and Cudzilo saw Dunton remove the weapon from his mouth and attack" Staton; that they "witnessed Valdez," another inmate, "join in the assault"; and that "despite seeing this occur, [the] defendants failed to intervene and stop the attack."[3] *Id.* Moreover, Judge Roemer noted that the defendants say that the "assault was broken up within thirty seconds," while Staton "testified that it took officers between a minute and a half and two minutes to intervene and break up the altercation." *Id.* at 15-16.

Judge Roemer found that "[i]n light of these competing narratives . . . , a genuine issue of material fact exists as to whether Farrell and Cudzilo had a reasonable opportunity to intervene and prevent the harm suffered by Staton, yet failed to do so." *Id.* at 16. But he also noted that while the defendants "claim that a surveillance video confirms that the altercation was broken up with[in] thirty seconds," they "[did] not submit[] the video as evidence." *Id.* All that was correct both as a matter of law and based on the record before Judge Roemer.

After moving for leave to supplement the record, Docket Item 36, however, the defendants submitted the video referenced in their motion for summary judgment, Docket Item 37. Staton had viewed that video, *see* Docket Item 36-2 at 4-5, and he was given an opportunity to object to its submission, *see* Docket Item 39, which he failed to do, *see* Docket Item 40. And that video confirms the defendants' version of events.

---

[3] Judge Roemer also noted that "Cudzilo maintains that the inmates stopped fighting after he issued several verbal orders to them," while Staton "testified that he never heard Cudzilo issue verbal orders to stop fighting and that the fight ended when officers eventually physically intervened." Docket Item 35 at 15 (internal quotation marks omitted).

The video, which is time-stamped March 18, 2018, and begins at 5:03:24 p.m., shows a large group of inmates eating.  At approximately the 5:04:05 mark, one inmate—Dunton—stands up, and at the 5:04:07 mark, he attacks Staton.  By the 5:04:09 mark, the two inmates are fighting on the ground.  Less than ten seconds later—by the 5:04:15 mark—multiple officers walk over to break up the altercation.  And by the 5:04:30 mark—about 25 seconds after Dunton left his seat and 23 seconds after the attack began—the fighting has stopped and the inmates have been separated.

Although most of the altercation itself is not visible in the video, there is no doubt that officers broke up the fight in less than thirty seconds, as the defendants say.

In light of the video—which Judge Roemer did not have the benefit of viewing—no reasonable juror could find that the defendants failed to intervene and exhibited deliberate indifference.[4]  On the contrary, the defendants and other officers responded immediately and successfully.  The defendants therefore are entitled to summary judgment on Staton's failure to intervene claim.

---

[4] While this Court could have referred the defendants' motion for summary judgment back to Judge Roemer for consideration of the video, as a matter of efficiency, the Court considers the video as part of its *de novo* review of Staton's failure to intervene claim.  *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (finding that for purposes of *de novo* review of magistrate judge's report and recommendation, "the district court had discretion to consider evidence that had not been submitted to the [m]agistrate [j]udge"); *see also* 28 U.S.C. § 636(b)(1)(C) (after a magistrate judge "file[s] his proposed findings and recommendations," the district judge may "receive further evidence or recommit the matter to the magistrate judge"); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may . . . receive further evidence . . . .").

**CONCLUSION**

For the reasons stated above and in the R&R, the defendants' motion for summary judgment, Docket Item 27, is GRANTED.  The Clerk of the Court shall close the file.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

Staton must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   March 11, 2024
         Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE